# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

OTIS LARUE HUNTER, JR.,

           Petitioner,

v.

UNITED STATES OF AMERICA,

           Respondent.

Case No. 20-CV-1883-JPS

**ORDER**

    Pro se Petitioner is seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. On July 5, 2022, Petitioner filed a motion requesting help in obtaining discovery. ECF No. 14. Therein, he requests help securing all communications that Aaron Sherman[1] sent regarding Petitioner and the photo array that was presented to Sherman.

    Unlike civil litigants in federal court, a habeas petitioner is not entitled to discovery as a matter of course. *Higgason v. Lemmon*, 6 F. App'x 433, 436 (7th Cir. 2011) (*citing Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rule 6 of the Rules Governing § 2255 cases gives federal courts the discretion to allow a petitioner to conduct discovery "for good cause." "Where specific allegations convince a court that a habeas petitioner will be entitled to relief if the facts are fully developed, the court has a duty to provide 'the necessary facilities and procedures for an adequate inquiry.'" *Dyer v. United States*, No. 19-CV-752-PP, 2020 WL 1276555, at *7 (E.D. Wis. Mar. 17, 2020) (quoting *Bracy*, 520 U.S. at 908–09). But "[t]he factual

---

[1] Sherman was a Government-called witness at Petitioner's jury trial. Case No. 17-CR-29-2, ECF No. 125 at 12–13.

allegations . . . must not be speculative or conclusory because discovery is not intended to be a fishing expedition." *Id.* (citation omitted).

Petitioner states that he wants this discovery because he "know[s] from experience that when someone attempts to use . . . a credit card by purchasing or withdrawls[,] photos are used by credit card investigators which may be the case in this issue." ECF No. 14 at 2. This is not good cause—it is definitionally speculation. Neither Petitioner's petition nor his motion provides the Court "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09.

Next, it appears that Petitioner's institution is not permitting him access to the trial transcripts that the Government was earlier ordered to provide to Petitioner. *See* ECF No. 11. To assist Petitioner, the Court will order the U.S. Attorney's Office, in consultation with the U.S. Probation Department, to contact Petitioner's incarcerating institution to facilitate Petitioner's access to his legal materials. The Court will grant Petitioner's motion to extend his time in which to file his reply brief, ECF No. 15; Petitioner shall have forty-five (45) days from the date of this Order in which to file his reply.

Accordingly,

**IT IS ORDERED** that Otis Larue Hunter, Jr.'s motion for discovery, ECF No. 14, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the U.S. Attorney's Office, in consultation with the U.S. Probation Department, contact Petitioner's incarcerating institution to facilitate Petitioner's access to his legal materials; and

**IT IS FURTHER ORDERED** that Petitioner's motion to extend his time in which to file his reply brief, ECF No. 15, be and the same is hereby **GRANTED**; Petitioner shall have forty-five (45) days from the date of this Order in which to file his reply.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge