# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OTIS LARUE HUNTER, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case Nos. 20-CV-1883-JPS <br> 17-CR-29-2-JPS <br><br> **ORDER** |

### 1. INTRODUCTION

Now before the Court is Petitioner Otis Larue Hunter, Jr.'s ("Hunter") amended unopposed motion to vacate his sentence under 28 U.S.C. § 2255 and to hold a new sentencing hearing pursuant to *United States v. Taylor*, 142 S. Ct. 2015 (2022) (the "*Taylor* Decision"). ECF No. 41. The Government does not oppose the motion. *Id.* at 1. For the reasons stated herein, and in light of the lack of opposition, the Court will grant Hunter's motion, vacate his underlying conviction on Count Nine, and schedule the matter for resentencing.

### 2. BACKGROUND

In Case No. 17-CR-29 (hereinafter cited to as "CR ECF"), a jury found Hunter guilty of, inter alia, attempted Hobbs Act Robbery ("Count Eight," in violation of 18 U.S.C. § 1951(a) and 2) and a count of use of a firearm during and in relation to a crime of violence ("Count Nine," in violation of 18 U.S.C. § 924(c)) as predicated on Count Eight. CR ECF Nos. 50 (second

superseding indictment) and 131 at 2 (jury verdict). The Court entered judgment thereon accordingly. CR ECF No. 178.[1]

On April 27, 2018, this Court sentenced Hunter to a term of One (1) day each as to Counts One, Two, Four, Six, Eight, and Ten of the Second Superseding Indictment, Eighty-Four (84) months as to Count Three of the Second Superseding Indictment, and Three Hundred (300) months each as to Counts Five, Seven, Nine, and Eleven of the Second Superseding Indictment. CR ECF No. 178 at 3. The terms as to Counts One, Two, Four, Six, Eight, and Ten were ordered to operate to run concurrently with each other, while the terms as to Counts Three, Five, Seven, Nine, and Eleven were to operate to run consecutively to each other and to all other counts of conviction, for a total term of imprisonment of One Thousand Two Hundred Eighty-Four (1,284) months and One (1) day. *Id.* This total term of imprisonment was further ordered to operate to run concurrently to the term of imprisonment imposed in Milwaukee County Circuit Court Case No. 12CF4188. *Id.*

On December 21, 2020, Hunter filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1. He therein raised various grounds for relief that were ultimately unsuccessful and no longer at issue. The Court screened the motion, ECF No. 6, and later denied it on its merits, ECF No. 25. Shortly thereafter, counsel appeared on Hunter's behalf and moved for relief from the judgment on the grounds that Hunter had neglected to include in his § 2255 motion a viable ground for relief pursuant to the *Taylor* decision. ECF No. 28 at 3–6.

---

[1]This judgment appears to mistakenly refer to Count Eight as "Hobbs Act Robbery" as opposed to *Attempted* Hobbs Act Robbery. CR ECF No. 178 at 1.

Before the Court could address the motion for relief from the judgment, however, the matter went before the Seventh Circuit, which court vacated this Court's denial of Petitioner's § 2255 motion and remanded the case for further proceedings. ECF Nos. 30, 32, 37. The parties also stipulated that "the government [would] waive any argument that [] Hunter forfeited or waived []his claim [under the *Taylor* Decision] by failing to raise it in his previously filed § 2255 motion." ECF No. 31 at 1.

Petitioner's amended, unopposed § 2255 motion, setting forth a sole ground for relief pursuant to the *Taylor* Decision, is now before the Court. ECF No. 41.

3.  **SCREENING**

The Court must now screen Hunter's amended § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a movant's well-pleaded factual allegations but not any legal conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

    3.1    **Timeliness**

The Court begins by addressing the timeliness of Hunter's motion. Section 2255(f) provides a one-year period in which to file a motion. 28

U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.*

Alternatively, however, and as applicable here, if the date on which a federal constitutional or statutory right is newly recognized and made retroactively applicable by the U.S. Supreme Court falls after the otherwise applicable date, it is that later date from which the one-year limitations period begins to run. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:1, 811 (2019 ed.); *see also* 28 U.S.C. § 2255(f)(3) ("The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

The *Taylor* Decision, decided on June 21, 2022, had not yet issued at the time that Hunter filed his original § 2255 motion. Counsel for Hunter appeared to alert the Court as to the availability of a ground for relief under the *Taylor* Decision on June 1, 2023, ECF Nos. 27, 28, and the parties stipulated on June 12, 2023 that Respondent would not deem such a ground for relief forfeited or waived in the event that Hunter amended his § 2255 motion to include it, ECF No. 31. The Court is therefore satisfied that, although Hunter did not submit his amended motion until October 2023, the ground for relief is not barred on statute of limitations grounds. And in any event, the statute of limitations is not jurisdictional and may be waived by Respondent. *Day v. McDonough*, 547 U.S. 198, 205–06 (2006) (collecting cases); *see also Anderson v. United States*, 981 F.3d 565, 571 (7th Cir. 2020) ("The statute of limitations in § 2255(f)[] is not a jurisdictional requirement, but rather an affirmative defense.") (quoting *Arreola-Castillo v. United States*, 889 F.3d 378, 382 (7th Cir. 2018)).

The next question is whether the *Taylor* Decision applies retroactively. The *Taylor* Decision does not explicitly so state; however, multiple courts have generally held that it does. *See, e.g.*, *Pedro v. United States*, No. 22-CV-9387 (SHS); 03-CR-0346-1 (SHS), 2022 U.S. Dist. LEXIS 216175, at *3 (S.D.N.Y. Nov. 30, 2022) ("While neither [the] Supreme Court nor the Second Circuit has yet addressed the issue of whether *Taylor* can be applied retroactively on collateral review, some district courts have suggested that it can be.") (collecting cases); *United States v. Craig*, No. 1:14cr/MW/HTC; 1:22cv66/MW/HTC, 2022 U.S. Dist. LEXIS 193030, at *4 n.4 (N.D. Fla. Sept. 26, 2022), *report and recommendation adopted,* 2022 U.S. Dist. LEXIS 192802 (N.D. Fla. Oct. 24, 2022) (vacated on other grounds) ("*Taylor* would be retroactively applicable to a challenge to a[] . . . § 924(c) sentence, because in that context the case would be a new substantive rule under *Teague*.") (citing *United States v. Welch*, 578 U.S. 120, 129 (2016) and *Hartsfield v. United States*, 629 F. Supp. 3d 1240 (S.D. Fla. 2022)). In this case, the Government does not oppose the motion, which the Court will understand as a concession as to the retroactivity of the *Taylor* Decision. Therefore, Hunter's motion is not barred on grounds of untimeliness.

### 3.2 Procedural Default

The Court next determines whether Hunter's motion suffers from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims

that a petitioner did not properly raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are several exceptions to this rule. As applicable here, actual innocence may excuse procedural default. *See McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013). In *Schlup v. Delo*, the United States Supreme Court held that a habeas petitioner may raise a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims via the "miscarriage of justice" prong of the standard for excusing procedural default. 513 U.S. 298, 326–27 (1995) (superseded by statute on other grounds). To raise such a claim, a habeas petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In turn, to establish the requisite probability, a habeas petitioner must establish that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*.

In light of the *Taylor* Decision, Hunter is actually innocent of the § 924(c) offense as predicated on the attempted Hobbs Act robbery offense because "[f]or a defendant to be adjudicated of a § 924(c) offense, a jury must find: '(1) that the defendant committed the underlying federal offenses, (2) that the defendant used, carried, or possessed a firearm, (3) that any use, carriage, or possession of the firearm occurred during and in relation to (or in furtherance of) the federal offense, and (4) *that the federal offense was in fact a 'crime of violence.'*" *Hartsfield*, 629 F. Supp. 3d at 1251 (quoting *Ovalles v. United States*, 905 F.3d 1231, 1250 (11th Cir. 2018) (en banc)). In light of the *Taylor* Decision, "a jury empaneled today could not find, as a factual matter," that Hunter committed Count Nine—a § 924(c)

offense predicated upon his attempted Hobbs Act robbery offense. *Id.* at 1250. He can therefore be said to be actually innocent of that Count. *See id.* at 1249–50 (collecting cases).

This conclusion is supported by the Government's non-opposition. As such, Hunter's motion, which seeks relief on the basis that attempted Hobbs Act robbery is no longer a predicate "crime of violence" under § 924(c), is not procedurally defaulted.

4. **CONCLUSION AND SCOPE OF RESENTENCING**

In light of the foregoing, the Court will grant Hunter's unopposed motion to the extent that it seeks to vacate his conviction on Count Nine (§ 924(c) violation as predicated on attempted Hobbs Act robbery) and will accordingly vacate his conviction on Count Nine. In accordance with the parties' agreement, the Court will further set the matter for full resentencing on all counts of conviction. *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019) ("Sentences for multiple offenses are generally treated as 'packages,' so that when part of the package is removed on appeal, the district court may reconsider the overall sentencing package on remand.") (collecting cases). As the *Brazier* court observed, resentencing on all counts of conviction will permit the Court to consider Hunter's "actual conduct in exercising its judgment and discretion under 18 U.S.C. § 3553(a)," instead of only the essential elements of each piecemeal count of conviction. *Id.*

Accordingly,

**IT IS ORDERED** that Otis Larue Hunter, Jr.'s unopposed amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 41, be and the same is hereby **GRANTED** according to the terms of this Order;

**IT IS FURTHER ORDERED** that the Court's judgment in Case No. 17-CR-29-2, CR ECF No. 178, be and the same is hereby **VACATED as to Count Nine**, and will otherwise be **AMENDED** following Otis Larue Hunter, Jr.'s resentencing on all counts of conviction, according to the terms of this Order;

**IT IS FURTHER ORDERED** that the U.S. Probation Office shall **FILE** a Revised Presentence Investigation Report in Case No. 17-CR-29-2 that includes, among other things, a recalculation of Otis Larue Hunter, Jr.'s Guidelines range and statutory penalties, not later than **Friday, December 22, 2023**;

**IT IS FURTHER ORDERED** that counsel for Otis Larue Hunter, Jr. shall file objections, if any, to the Presentence Investigation Report in Case No. 17-CR-29-2 on or before **Friday, January 5, 2024;**

**IT IS FURTHER ORDERED** that the Government shall file responses thereto, if any, in Case No. 17-CR-29-2, on or before **Friday, January 19, 2024;**

**IT IS FURTHER ORDERED** that Otis Larue Hunter, Jr. shall be resentenced as to all counts of conviction, on **Friday, January 26, 2024 at 8:30 A.M.** in Case No. 17-CR-29-2;

**IT IS FURTHER ORDERED** that the Government shall ensure Otis Larue Hunter, Jr.'s in-person appearance for resentencing in Case 17-CR-29-2;

**IT IS FURTHER ORDERED** that Case No. 20-CV-1883 be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly in Case No. 20-CV-1883.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge